IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NICHOLAS WELCH                                                                                       PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:19-CV-40-SA-DAS
                                                           CONSOLIDATED WITH: 1:19-CV-91-SA-DAS

PEPSI CO. BEVERAGES INC.                                                                          DEFENDANT

ORDER AND MEMORANDUM OPINION

Nicholas Welch filed his first *pro se* Complaint [1] in this Court on February 22, 2019, against Pepsi Co. Beverages Inc., asserting claims under Title VII of the Civil Rights Act of 1964, and filed his second *pro se* Complaint in this Court on May 3, 2019, against the same Defendant, alleging violations under the Americans with Disabilities Act of 1990. These two cases have since been consolidated. *See* Order [18]. Now before the Court is Pepsi Co. Beverages' unopposed Motion to Dismiss [11] all of Welch's claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Factual and Procedural Background*

Both of Welch's Complaints are form complaints with little or no factual information provided. Although the Court is well aware of its duty to liberally construe *pro se* pleadings, the Court notes that although Welch initiated his cases *pro se* he is now represented by counsel that has not filed anything on Welch's behalf related to the instant Motion to Dismiss [11] or otherwise.[1] A thorough review of the complete record of these cases reveals the following facts, construed in Welch's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

---

[1] With respect to *pro se* plaintiffs, the Court liberally construes their pleadings. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers").As noted above, the Plaintiff started his cases *pro se* but is now represented by counsel.

Welch was hired by vending machine supplier Pepsi Co. Beverages, Inc. as a warehouse loader in April of 2018. Welch alleges he experienced offensive conduct from coworkers during his employment, including derogatory comments about his appearance and sexual orientation. Welch reported the conduct on May 17, 2018 and claims that as a result of his reporting, he was placed on an involuntary leave of absence until September 3, 2018. Welch alleges that when he returned, his coworkers harassed him to quit, at which point he complained to management and was again suspended. He believes his employer retaliated against him for his complaints and that he was subjected to a hostile work environment due to his sexual orientation.

Welch alleges separately that he was diagnosed with a disability in June, though he does not state specifically what his disability is. Welch further alleges that in July of 2018, after completing an ADA form requesting an accommodation, he left work on Family Medical Leave Act leave because of his disability. He then entered the Employee Assistance Program in August. In September, Welch alleges that he was the subject of comments from coworkers about his disability, and alleges generally that he was discriminated against due to his disability.

Welch alleges that he was ultimately discharged for "attendance problems" on October 9, 2018.

*Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)), cert. denied, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand*, 565 F.3d at 232. Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

The Court also notes that 28 U.S.C. Section 1915(e) authorizes the Court to dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

*Analysis and Discussion*

As noted above, Welch argues that he was subjected to harassment and discrimination based on his sexual orientation, and retaliated against for his complaints related to the same. Welch alleges that this conduct, by and attributed to his employer violates Title VII.

Title VII outlaws employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Fifth Circuit has recently stated that: "'Sex' discrimination has been held to encompass discrimination based on sexual harassment or sexual stereotyping" "but 'Title VII in plain terms does not cover 'sexual orientation.'" *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 305 (5th Cir. 2019) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114

3

S. Ct. 367, 126 L. Ed. 2d 295 (1993); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L.Ed.2d 268 (1989); *EEOC v. Boh Bros. Const. Co.*, 731 F.3d 444 (5th Cir. 2013) (en banc); *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n.2 (5th Cir. 2015); see also *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 330 (5th Cir. 2019); *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979) (per curiam) ("Discharge for homosexuality is not prohibited by Title VII . . . .")).

The Fifth Circuit has explicitly extended this holding to retaliation claims stating that the scope of the retaliation provision "is dictated by the scope of Title VII's prohibitions, not by freestanding conceptions of 'retaliation' or 'opposition.'" *O'Daniel*, 922 F.3d at 306–07. "Title VII protects an employee only from 'retaliation for complaining about the types of discrimination it prohibits.'" *Id*. (citing *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000)).

Bound by these precedents, the Court finds that Welch's case fails for two alternative reasons, first Welch's Complaint is plagued by a lack of facts from which the Court can draw a reasonable inference of discrimination, and second, Welch's claim for discrimination and retaliation based on sexual orientation is clearly not protected by Title VII as interpreted by the Fifth Circuit. For these reasons, Welch's claim for discrimination based on his sexual orientation is dismissed *with prejudice*.

Again, as noted above, Welch also alleges that he completed an ADA form for an accommodation after receiving a disability diagnosis, went out on FMLA leave due to his disability, returned to derogatory comments about his disability from coworkers, and was generally discriminated against due to his disability.

The FMLA grants "an eligible employee" up to twelve weeks of annual unpaid leave for "a serious health condition" that prevents him from performing the functions of his job. *See* 29 U.S.C. § 2612(a)(1)(D). An employer may not interfere with the exercise of any right provided

under the Act, nor may it "discharge ... any individual for opposing any practice made unlawful by" the Act. *Id.* § 2615(a).

To make a *prima facie* case of interference, a plaintiff must demonstrate that "(1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). A *prima facie* case of retaliatory discharge requires that an employee show "(1) [he] engaged in a protected activity, (2) the employer discharged [him], and (3) there is a causal link between the protected activity and the discharge." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to ... the hiring, advancement, or discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* case of discrimination, Welch must demonstrate "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *Head v. City of Columbus Light & Water Dep't*, 746 F. App'x 389, 391–92 (5th Cir. 2018) (citing *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Welch's Complaints only contain broad, general allegations, and do not contain any particular factual information from which the Court could reasonably draw any inference of discrimination. Importantly, Welch does not provide any information about his disability, the connection between his disability, his leave, and his termination, and merely states that he was fired for "attendance issues". For all of these reasons Welch's claims asserted under the FMLA

and ADA must be dismissed. Mindful of Welch's *pro se* complaints, the Court dismisses Welch's ADA and FMLA claims *without prejudice*. Welch has until April 10, 2020 to file a Motion for Leave to Amend his Complaint as to his ADA and FMLA claims only. If Welch does not seek leave to amend within the time allotted, these claims will be dismissed *with prejudice*.

It is SO ORDERED, on this the 25th day of March, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE